Hillsborough
No. 82-096

BARBARA G. STAVENS

v.

RONALD J. STAVENS

January 26, 1983

*Robert G. Senn*, of Nashua, by brief and orally, for the plaintiff.

*Joseph C. Krolikowski Legal P.A.*, of Nashua (*Mr. Krolikowski* on the brief and orally), for the defendant.

KING, C.J. The defendant, Ronald J. Stavens, appeals the finding of the Superior Court (*Goode*, J.) that his failure to pay child support to the plaintiff, Barbara G. Stavens, pursuant to a Connecticut divorce decree, registered in New Hampshire, constituted contempt of court. He also appeals the superior court's order modifying the Connecticut decree and requiring him to pay the plaintiff $40 per week for the support of their only remaining minor child.

The parties were divorced by a decree of the Connecticut Superior Court on July 10, 1980. Prior to the issuance of the decree, the parties reached an agreement regarding support of their two minor

children which was incorporated into the divorce decree. According to this agreement, the defendant was required to pay the plaintiff $62.50 per week per child until the elder child reached the age of eighteen. After the elder reached eighteen, the defendant was required to pay $100 per week for the support of the remaining minor child.

At the time of the decree, the defendant was unemployed. Several months later, the defendant obtained employment and established residency in New Hampshire. On January 26, 1981, the plaintiff filed a petition in the Hillsborough County Superior Court to register the Connecticut decree in New Hampshire pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), RSA chapter 546. She also sought a court order to enforce the support provisions of the decree, claiming that the defendant had paid no child support to that date. In response, the defendant filed a motion agreeing to the registration of the Connecticut decree, but seeking to modify the support order allegedly because there had been a substantive change in circumstances which rendered the order unjust.

A Master (*Henry P. Sullivan*, Esq.) recommended that the plaintiff's petition for registration be granted, and his recommendation was approved by the superior court. A hearing was scheduled on the defendant's motion to modify the support order. In the meantime, the plaintiff moved that the defendant be cited for contempt of court for failing to comply with the provisions of the Connecticut decree. After a hearing on both motions, the master recommended that the defendant be found in comtempt of court and that the support order be modified to require the defendant to pay $40 per week for the support of the parties' only remaining minor child and $20 per week for arrearages, which he determined to be $8,017. The master's recommendations were approved by the superior court, and the defendant appealed. We affirm.

The defendant raises three arguments on appeal. He first contends that he could not be found in contempt of court because the child support arrearages accrued in Connecticut prior to registration of the decree in New Hampshire. He argues that when a support order is registered in New Hampshire, the arrearages which accrued in foreign jurisdictions are not adopted. He further contends that the plaintiff's petition to enforce the Connecticut decree was not commenced in accordance with URESA, RSA chapter 546, and that to recover the arrearages which accrued in Connecticut, the plaintiff should have first reduced her claim to a money judgment in Connecticut and then attempted to collect that money judgment in New Hampshire.

■■ We find no merit to this argument. The plaintiff properly commenced her action to enforce the support order, in accordance with part four of URESA, RSA 546:33 to :41. *See* C. DOUGLAS, 3 N.H. PRACTICE, FAMILY LAW §§ 360–62 (1982). Under part four, the obligee, the person to whom a duty of support is owed, may register the support order in a New Hampshire court. RSA 546:34. Upon registration, the registered foreign support order is treated as a support order issued by a New Hampshire court. RSA 546:38. It may be enforced in the same manner as any New Hampshire support order. *Id.* Under New Hampshire law, a plaintiff may seek to enforce a child support order through contempt proceedings. *See Stone v. Stone,* 111 N.H. 167, 168, 276 A.2d 924, 925 (1971).

■ The plaintiff could properly seek to collect arrearages through such a procedure, even if those arrearages accrued in another jurisdiction prior to registration of the decree in New Hampshire. RSA 546:33 states that the registration procedures provided by part four of the act are remedies to enforce a "duty of support" based on a foreign support order. The "duty of support" is defined by the act to include the "duty to pay arrearages of support past due and unpaid." RSA 546:2, II. In addition, RSA 546:37, I(c) implies that a plaintiff can seek to collect these arrearages in New Hampshire because it provides that, when seeking to register the foreign support order, the obligee shall transmit to the clerk of court a statement showing, *inter alia,* "the amount of support remaining unpaid." *Accord, Scott v. Sylvester,* 220 Va. 182, 186–87, 257 S.E.2d 774, 777 (1979). Thus, it is clear from the statute that the arrearages which accrued in Connecticut were collectible in New Hampshire without the necessity of a prior suit in Connecticut, and that the defendant could be found in contempt for having failed to pay the arrearages.

The defendant also argues that the court erred in requiring him to pay child support of $40 per week for his minor child. Although the court reduced the child support from $100 to $40 per week, the defendant argues that the court should have reduced the child support to $25 or less per week because he claims that the testimony at the hearing indicated that the minor child was self-supporting and that the plaintiff did not need the money. In addition, the defendant contends that he is supporting his new wife and a stepdaughter.

■■ We note, initially, that the trial court has broad discretion in determining child support, and its decision will not be set aside unless the evidence clearly demonstrates an abuse of such discretion. *Heinze v. Heinze,* 122 N.H. 358, 360, 444 A.2d 559, 561 (1982); *Azzi v. Azzi,* 118 N.H. 653, 655, 392 A.2d 148, 149 (1978). We find no

abuse of discretion in this case. Although there was testimony that the minor child worked part time and earned approximately $60 per week, there was also testimony that the plaintiff provided the child with food and clothing and that she incurred medical expenses for the treatment of the minor child. This evidence supported the trial court's award.

 Finally, the defendant argues that the court erred when it ordered the defendant to pay $40 per week child support because the plaintiff's financial affidavit did not include the income of her new husband and other family members. *See Logan v. Logan*, 120 N.H. 839, 424 A.2d 403 (1980). During cross-examination of the plaintiff, the defendant's counsel was able to elicit from the plaintiff the admission that her financial affidavit did not contain this information and an estimate that her new husband earned approximately $600 per week. The trial court, therefore, knew that the plaintiff had other sources of income and knew the approximate amount of such income when it determined the appropriate amount of child support. Furthermore, the defendant never filed a motion to compel the plaintiff to revise her affidavit. Thus, we conclude that the trial court did not abuse its discretion in considering this affidavit.

*Affirmed.*

All concurred.