**Norfolk**
JULIE HEDERICK
v.
ROBERT HEDERICK
No. 1195-85
Decided November 18, 1986

COUNSEL

Clarence B. Neblett, Jr. (Baer & Neblett, on brief), for appellant.

No brief or argument for appellee, Robert Hederick.

OPINION

**KEENAN, J.** — Julie Hederick appeals a determination of child support made by the trial court in response to her petition filed pursuant to the Revised Uniform Reciprocal Enforcement of Support Act(RURESA).[1] The issues presented in this appeal are: (1) whether the trial court properly construed the child support formula set forth in the parties' Illinois divorce decree; and (2) whether the trial court erred in establishing June 1, 1983, as the earliest date from which arrearages would be enforced. We find that the trial court erred both in its construction of the child support formula and in denying recovery for arrearages which accrued prior to July 1, 1983.

The parties were divorced on July 2, 1979, in Cook County, Illinois. The divorce decree incorporated an agreement between the parties which, in pertinent part, stated:

The Husband and Wife agree that the Husband shall pay 35% (thirty-five percent) of his net take home [pay] as and

---

[1] The Revised Uniform Reciprocal Enforcement of Support Act is found in Code § 20-88.12 *et seq.*

for child support which equals $602.00 per month.

In September 1983, the wife filed a petition for support under the provisions of RURESA. The petition was transferred to Virginia where the husband resides. The Juvenile and Domestic Relations District Court of Chesterfield County first heard the matter. Evidence before that court showed that the husband was currently being paid on a commission basis. At the time of the property settlement agreement, he was receiving an annual salary. The juvenile and domestic relations court ordered that the 35% child support formula be applied to the husband's net income after business expenses. It also denied the wife's request for arrearages for 1981 through 1984.

The wife appealed this decision to the circuit court. There, the husband testified that at the time of the agreement, his pay check had four items subtracted from his full salary: (1) federal withholding taxes, (2) state withholding taxes, (3) social security taxes, and (4) hospitalization. The husband's accountant testified as follows: "[N]et take home pay is normally associated with disposable income. Disposable income is normally associated with that amount of money a person has to spend after business deductions and other deductions for taxes or whatever deductions may apply to a specific situation."

After taking the matter under advisement, the trial judge ruled that for the purpose of applying the child support formula, the husband's net take home pay was to be calculated in the following manner:

1. The defendant's gross income shall be derived by:
 (a) excluding all of any subsequent wife's income;
 (b) excluding all of any subsequent wife's earnings from interest, dividends, if said property is individually owned or jointly owned with the defendant.
2. The defendant shall be allowed to subtract from gross income
 (a) all deductions for Federal Income taxes;
 (b) all deductions for Social Security payments;
 (c) all Virginia State Income taxes;
 (d) the defendant's legitimate business deductions if acceptable to the Internal Revenue Service;
 (e) the defendant's itemized personal deductions
 (i) to which the defendant alone is entitled

> (ii) or the defendant's pro-rata share if such is for joint debts; or jointly owned property with any subsequent wife.
> 3. The application of the formula is based upon the assumption [that] the defendant's taxes withheld for both federal and state are equal to the taxes due. Should there be a refund on taxes then the thirty-five percent (35%) for determination of support shall be applied to the defendant's pro-rata share of any such income.

The trial court also ruled that the arrearages were to be computed beginning June 1, 1983. The court gave no reason for selecting this date.

The wife first argues that the trial court ignored the nonambiguous meaning of "net take home" pay and created its own child support formula. She asserts that "net take home" pay means gross income after federal and state taxes are deducted. The wife further contends that the trial court's interpretation of the agreement results in a retroactive modification of past due amounts. She relies on *Alig v. Alig*, 220 Va. 80, 255 S.E.2d 494 (1979), for the proposition that a support decree of another state cannot be modified as to past due amounts. The wife also argues that with regard to future payments, the trial court's interpretation of the formula results in a modification of support made without the requisite showing of a change in circumstances. The wife argues that the formula set by the trial court is also totally unworkable and establishes no fixed amounts for arrearages or future payments.

█ In determining whether the trial court properly construed the formula contained in the property settlement agreement, we begin with the principle that property settlement agreements are contracts, and are subject to the same rules of construction that govern contracts generally. *Tiffany v. Tiffany*, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985). On review, we have an equal opportunity to consider the words of the contract and thus we are not bound by the trial court's construction. *Wilson v. Holyfield*, 227 Va. 184, 187-88, 313 S.E.2d 396, 398 (1984).

█ The Supreme Court has stated that:

> It is the function of the court to construe the contract made by the parties, not to make a contract for them. The question for the court is what did the parties agree to as evidenced by

their contract. The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares.

*Id.* at 187, 313 S.E.2d at 398 (quoting *Meade v. Wallen*, 226 Va. 465, 467, 311 S.E.2d 103, 104 (1984)).

Employing this standard, we find that the trial court's construction of the term "net take home" creates a new formula which allows deductions not intended by the parties. Initially, we agree with the trial court's decision to construe the agreement with reference to the husband's federal income tax returns. This is necessary because of the manner in which the husband is paid. We disagree, however, with the court's decision to subtract the husband's itemized personal deductions (Schedule A deductions) before arriving at the amount of his "net take home" pay. We find that the allowance of itemized personal deductions is in absolute conflict with the terms of the formula employed by the parties in the property settlement agreement.

The wording of the property settlement agreement shows that the parties intended that the 35% formula be applied to all sums except those amounts routinely deducted by employers from employee paychecks. The husband's testimony further supports this interpretation. He testified that at the time of the agreement he was a salaried employee and that his net pay reflected deductions for federal and state withholding tax, social security taxes, and medical insurance. Further, the initial amount of $602 payable under the agreement was computed using only those deductions.[2] Thus, it is clear that at the time of the agreement, the parties did not intend that personal deductions for mortgage interest, consumer credit and other Schedule A deductions be subtracted from the husband's salary before applying the 35% formula. We find that the trial court's interpretation to the contrary was in clear violation of the intent of the parties at the time they entered into the agreement. We also find, in accordance with the intent of the parties, that the husband's current "net take home" pay is his adjusted gross income as it appears on his federal income tax return, less social security taxes and federal and state income taxes. We

---

[2] We note that neither party has contended at any stage of this litigation that the agreement set the child support payments at a constant $602 over the life of the agreement.

do not provide a subtraction for medical insurance, as this would be covered under "employee business expenses" on his federal income tax return, and therefore, excluded from adjusted gross income. The income of any subsequent spouse is not to be included in the computation of husband's adjusted gross income.

■ Next, we find that the circuit court's construction of the child support formula results in a retroactive modification of past due amounts. This violated the wife's right to rely on the Virginia court to enforce the Illinois decree. The scope of this right was explained by the Supreme Court in *Alig*:

A foreign decree for alimony is entitled to full faith and credit, under Article IV Section I of the United States Constitution, as to past due installments, if the right to such installments is "absolute and vested," that is, not subject to modification in the state where the decree was rendered.

220 Va. at 83-84, 255 S.E.2d at 496 (citations omitted). Under the facts presented in *Alig*, however, the Supreme Court relied on the comity doctrine, rather than full faith and credit, because the Maryland decree was subject to retroactive modification.

In *Scott v. Sylvester*, 225 Va. 304, 302 S.E.2d 30 (1983), the court noted that enforcement under the principle of comity is discretionary whereas, under RURESA, it is compelled. Because of this difference, the court stated that in enforcing a foreign support decree pursuant to RURESA:

[I]t is all the more essential that the parties subject to its terms be accorded all the substantive rights regarding modification granted them in the issuing state.

*Id.* at 308, 302 S.E.2d at 32. Our examination of the Illinois statute reveals that Illinois law does not permit the modification of past due amounts. It permits prospective modification only upon a showing of a substantial change in circumstances.[3] Therefore, because Illinois law does not permit retroactive modification of support obligations, the Virginia court was not at liberty to render an

---

[3] 40 Ill. Rev. Stat. § 510 (Cum. Supp. 1986) provides in pertinent part: "[T]he provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to the filing of the motion for modification with due notice by the moving party and only upon a showing of a substantial change in circumstances."

interpretation of the property settlement agreement which resulted in a retroactive modification of support.

■ The trial court's interpretation of the property settlement agreement also created a prospective modification of child support. This, however, may be done only upon a showing of a material change of circumstances. *Featherstone v. Brooks*, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979). We find that the husband failed to provide sufficient information upon which a material change in circumstances could be found. He did present evidence that his income had greatly increased since the time of the property settlement agreement. He presented no testimony, however, as to the present needs and circumstances of the children. Without this information, the court was not entitled to assume that the needs of the children had not changed since the entry of the Illinois decree six years earlier. Their needs may or may not have increased commensurately with the husband's salary. Therefore, we find it was error for the trial court to modify the child support formula without giving any consideration to the present needs and circumstances of the children.

We turn now to the trial court's ruling denying recovery for child support arrearages for the period prior to July 1, 1983. The court gave no reason for its ruling in this regard. As previously stated, under Illinois law, the right to *all* past due amounts was absolute and vested. Therefore, in accordance with *Scott*, we find that the wife was entitled to enforcement of all past due support and the trial court erred in abridging that right. *See* 225 Va. at 309, 302 S.E.2d at 32-33.

In summary, therefore, we find that the trial court erred in its interpretation of the child support formula in the property settlement agreement, and that it improperly abridged the wife's right to enforcement of all child support arrearages. We, therefore, reverse these rulings of the trial court, and remand the case for determination of child support arrearages consistent with the principles stated herein.

*Reversed and remanded.*

Benton, J., and Hodges, J., concurred.