Belknap
No. 87-375

## MARIE E. DOUBLEDAY

v.

## ELWYN J. DOUBLEDAY, JR.

December 12, 1988

*Murphy, McLaughlin & Hemeon,* of Laconia (*Matthew J. Lahey* on the brief and orally), for the plaintiff.

*Copithorne and Copithorne,* of Laconia (*David M. Copithorne* on the brief and orally), for the defendant.

*Stephen J. Laurent,* of Laconia, as guardian ad litem, filed no brief.

## MEMORANDUM OPINION

SOUTER, J. In this appeal from a decree of divorce rendered by the Superior Court (*M. Flynn,* J.), the defendant challenges the order of physical custody, the division of assets and the award of child support. We affirm.

Since the parties' separation in 1985, their daughter, now fifteen years old, has resided with the defendant in the marital residence, while the plaintiff has had custody of their son, now nine. The defendant nonetheless claims that the court abused its discretion, *see Richelson v. Richelson,* 130 N.H. 137, 144, 536 A.2d 176, 180–81 (1987), in ordering physical custody consistently with these arrangements, for the reason that a child psychologist, the guardian ad litem, and nine laypeople who communicated with the guardian recommended that the defendant assume the son's physical custody. The defendant fails, however, to recognize the limited force of the evidence on which he relies. Although the psychologist did so recommend, he expressly disclaimed any personal knowledge that the plaintiff was unfit to retain the son's custody for the reasons the defendant had alleged. Although the guardian likewise recommended that the defendant have physical custody of the son, the guardian's report of his contact with the plaintiff left no impression of parental unfitness. Finally, the guardian himself gave no great weight to the mere number of the nine lay recommendations, and there is hardly need to cite authority that triers of fact are not bound to assume that the quantity of evidence is a measure of its probative force. *See N.H. Milk Dealers' Ass'n v. Milk Control Board,* 107 N.H. 335, 342–43, 222 A.2d 194, 200 (1966).

As against the evidence favoring custody in the defendant, the trial court had testimony indicating that during the eighteen months between the parties' separation and the final hearing, the plaintiff had sought appropriate medical treatment for her son's mild cerebral palsy, and had combined patience in responding to his handicaps with efforts to encourage his development through

physical activities. It is undisputed that the plaintiff loves her son and that he loves her in return and prefers to live with her. The trial court, which heard the parties directly, could not therefore be faulted for irrationality in finding that the plaintiff's physical custody of the son would "be most conducive to [his] benefit . . . ." RSA 458:17, I (Supp. 1988).

On the same point, the defendant urges us to give a preferred status to a guardian ad litem's recommendation, which he maintains should be binding on the court in the absence of the court's detailed statement of reasons for rejecting it. We adhere, however, to our reasons for recently refusing to ascribe presumptive force to such a guardian's position, *see Richelson v. Richelson, supra* at 143, 536 A.2d at 180, and leave the parties to the traditional option of requesting findings of fact to disclose details of the court's reasoning in support of a discretionary ruling. *See* RSA 491:15; RSA 519:11.

The defendant's challenge to the distribution of marital assets rests on a claim of inequity under the rule of *Hodgins v. Hodgins,* 126 N.H. 711, 714-15, 497 A.2d 1187, 1189-90 (1985), which he claims was violated by the award to him of business assets having no value exceeding encumbrances plus his premarital equity, as against distribution to the plaintiff of the marital residence with a net equity value of $112,500. The claim that the business assets have no such net value rests, however, on the assumption that their market value should be set at the value they would receive on liquidation of the business. But the trial court properly rejected that appraisal standard, there having been no evidence that the divorce required the defendant to terminate his business, or that he intended to do so. The defendant himself testified that the retail value of his business inventory was $212,000, subject to a $51,000 lien, leaving a net of $161,000. Comparing the award to the plaintiff of a house with $112,500 equity with the defendant's award of business assets having net retail value of $161,000 reveals no inequity to the defendant, where the only other appreciable asset in dispute was a lot of land with an equity of $16,000, also awarded to the defendant. Since there was no apparent inequity to the defendant, we have no occasion to consider his novel claim that the allegedly unreasonable property division works a denial of equal protection to his daughter. We further note that the daughter is not a party and that the defendant made no attempt to raise the equal protection claim in the trial court. *See*

*Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983).

◼ Finally, the defendant contests the final award for child support. Under the temporary order the defendant had paid a total of $100 a week in child support and alimony, whereas the final decree awarded no alimony but did order child support of $125 a week, until the son reaches eighteen, and imposed responsibility for certain medical insurance and expenses. The defendant points to the declining adjusted gross income from his business, which reached a low of $1,391 in the tax year 1986. The trial court, however, was entitled to consider that the defendant had previously supported his family from his private business, that his own financial affidavit indicated he was paying monthly expenses of some $2,700 apparently without incurring further debt, that he had a college degree and had previously supplemented his income with substitute school teaching. Since a support award may be based on earning capacity, *see Alther v. Alther*, 120 N.H. 354, 356, 415 A.2d 325, 326 (1980), there was no obvious abuse of discretion. *See Stavens v. Stavens*, 123 N.H. 79, 82, 455 A.2d 1065, 1067 (1983).

*Affirmed.*

All concurred.