COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Fitzpatrick

FRED W. GRICE

v. Record No. 1939-94-3       MEMORANDUM OPINION[*]
                      PER CURIAM
LINDA D. GRICE                      JUNE 6, 1995

FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
B. A. Davis, III, Judge Designate

(John L. Gregory, III; Young, Haskins, Mann & Gregory, on brief), for appellant.

(Thomas N. Key; Neil E. McNally; Key & Tatel, on brief), for appellee.


Fred W. Grice (husband) appeals the decision of the circuit court interpreting the Property Settlement Agreement (Agreement) husband signed with Linda D. Grice (wife). Husband contends the Agreement allowed husband to reduce his child support payments by one-half when the parties' son moved out of wife's home and into his home. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

"Property settlement and support agreements are subject to the same rules of construction and interpretation applicable to contracts generally." Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987). "[O]n appeal if all the evidence which is necessary to construe a contract was presented to the

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this court."  Id.

The Agreement was executed on July 11, 1989 and incorporated into the final decree of divorce entered on March 2, 1990.  The Agreement provided, in pertinent part, as follows:

> Husband agrees to pay to Wife, to be confirmed by the Court as a unitary award for support, the sum of Seven Hundred Dollars ($700.00) per month . . . with said sum increasing to Eight Hundred Dollars ($800.00) per month beginning in July, 1990.  Said sum will be reduced by the sum of Two Hundred Dollars ($200.00) as each child attains the age of 18 years, dies, marries, leaves Wife's home or otherwise becomes emancipated, whichever event first occurs.

By subsequent order entered April 4, 1991, the amount of child support was changed to $600 per month.  No corresponding amendment was made to the Agreement, and all previous orders not specifically modified remain in full effect.

The trial court reviewed the parties' Agreement and concluded:

> The agreement was specific as to the amount of reduction, there being no ambiguity, and I find that the reduction is limited to $200.00.  A Court cannot change that which the parties agreed to absent fraud or duress.  If their intent was other than that stated, it should have been set forth in clear concise language.

We agree with the trial court's interpretation.  Nowhere in the language of the Agreement is there a reference to a one-half reduction in child support when a child became emancipated or

2

otherwise left wife's home.  Instead, the parties agreed, as evidenced by the unambiguous language of the Agreement, to a $200 reduction in child support upon any of a series of events.

> It is the function of the court to construe the contract made by the parties, not to make a contract for them.  The question for the court is what did the parties agree to as evidenced by their contract.  The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares.

Hederick v. Hederick, 3 Va. App. 452, 455-56, 350 S.E.2d 526, 528 (1986) (citation omitted).

Accordingly, the decision of the circuit court is affirmed.

Affirmed.