COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Richmond, Virginia


SUSAN CONE SCOTT
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 2998-95-2        JUDGE SAM W. COLEMAN III
                                           DECEMBER 3, 1996
FREDERIC W. SCOTT, JR.

              FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                      Paul M. Peatross, Jr., Judge

              J. W. Harman, Jr. (Harman & Harman, on
              brief), for appellant.

              Edward B. Lowry (Michie, Hamlett, Lowry,
              Rasmussen & Tweel, P.C., on brief), for
              appellee.


        Susan Cone Scott (wife) appeals the trial court's dismissal

of her motion for an increase in spousal support.  The trial

court held that the provisions of Code § 20-109 and the terms of

the parties' separation agreement that set support precluded the

court from modifying spousal support.  Wife contends that the

court misconstrued the provisions of the parties' separation

agreement, which was incorporated into their final divorce

decree, in that the agreement implicitly allows the court to

modify spousal support.  Finding no error, we affirm the trial

court's decision.

        "Code § 20-109 authorizes the trial court to modify spousal

support and maintenance upon the petition of either party if the

——————————————
        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

court determines that there has been a material change in circumstances that justifies a modification."  Pendleton v. Pendleton, 22 Va. App. 503, 506, 471 S.E.2d 783, 784 (1996).

However, Code § 20-109 also provides that,
> if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse . . . shall be entered except in accordance with that stipulation or contract.

This provision "restricts the court's jurisdiction over awarding [spousal support] to the terms of the contract."  McLoughlin v. McLoughlin, 211 Va. 365, 368, 177 S.E.2d 781, 783 (1970). Similarly, the restriction on a court's authority to set spousal support applies to petitions to modify, increase, or decrease spousal support when the parties have a prior agreement as to the amount of spousal support.

In this case, the parties entered into a separation agreement on January 3, 1980.  The agreement provided:
> Based on the present financial resources and income of each of the parties, the present needs of Wife and the present cost of living, the parties agree that Husband shall pay to Wife, commencing January 1, 1980, as spousal support the sum of $500.00 per month, on the first day of each month.  Such payments shall cease upon Wife's remarriage or death, or upon Husband's death, or upon Wife cohabiting with a man not her husband for a continuous period of 90 days or more.

The agreement was incorporated by reference into the May 19, 1980 final divorce decree.

The agreement also contained, in a separate paragraph, a release provision which stated that, "[e]xcept as herein otherwise expressly provided, each party hereby releases the other from any and all liabilities or obligations, whether of support or otherwise . . . ."

The wife contends that, because the agreement states that the amount of spousal support was determined based upon the parties' "present" resources, the needs of wife, and cost of living, that the agreement necessarily intended that support could be modified according to the changing "present" resources, needs, and cost of living of the parties. We disagree.

In Virginia, property settlement agreements are contracts subject to the same rules of formation, validity, and construction as other contracts. Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986); Tiffany v. Tiffany, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985). "[W]here an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself." Globe Iron Constr. Co. v. First Nat'l Bank of Boston, 205 Va. 841, 848, 140 S.E.2d 629, 633 (1965).

> It is the function of the court to construe the contract made by the parties, not to make a contract for them. The question for the court is what did the parties agree to as evidenced by their contract. The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares.

Hederick v. Hederick, 3 Va. App. 452, 455-56, 350 S.E.2d 526, 528 (1986) (quoting Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)).  "[W]here there is an express and enforceable contract in existence which governs the rights of the parties, the law will not imply a contract in contravention thereof." Royer v. Board of County Supvrs., 176 Va. 268, 280, 10 S.E.2d 876, 881 (1940) (citation omitted).

The unambiguous express language of the parties' agreement stated that the amount of spousal support the wife would receive and the husband would pay would be $500 per month.  The agreement contained no provision allowing for a court to modify the contractual amount of spousal support or allowing for either party to petition for such relief.  We cannot hold that the parties, by implication, intended such a provision based upon the language in this agreement.  To do so would render the release "from any and all liabilities or obligations, whether of support or otherwise" nugatory and meaningless.

> It seems clear to us that the law is well settled that where parties expressly contract, under what circumstances an obligation may arise with reference to a certain subject-matter, where the same is entered into without fraud or mutual mistake, it excludes the possibility of an implied covenant of a contradictory or different nature.

Southern Biscuit Co. v. Lloyd, 174 Va. 299, 311-12, 6 S.E.2d 601, 606 (1940) (quoting Johnson v. Iglehart Bros., 95 F.2d 4, 8, cert. denied, 304 U.S. 585 (1938).  We will not construe one

provision in a contract in such a manner that would render another provision meaningless, particularly when the obvious construction of both provisions will give meaning and effect to each.

That provision in the contract which set spousal support at $500 per month based on the parties' "present" financial resources, income, needs, and cost of living merely set forth those factors upon which the parties relied in arriving at the amount of support; that provision does not expressly or by implication provide that the parties may petition for judicial modification of spousal support based on a change in "present" circumstances. Had the parties so intended they should have so provided in the contract and, moreover, they should not have included a provision that would have been in conflict by "releas[ing] the other from any and all . . . obligations . . . of support . . . ."

Wife's reliance upon Blank v. Blank, 10 Va. App. 1, 389 S.E.2d 723 (1990), and Jennings v. Jennings, 12 Va. App. 1187, 409 S.E.2d 8 (1991), is misplaced. Both cases deal with spousal support that was judicially determined in the first instance under Code § 20-107.1. Those cases did not involve contractual spousal support agreed upon by the parties or an agreement incorporated into the divorce decree. See Jennings, 12 Va. App. at 1196, 409 S.E.2d at 14 (holding that the language of the separation agreement required the judge to exercise his

discretion under Code § 20-107.1 in determining the amount of spousal support). Those cases are inapposite.

The trial court did not err in finding that it did not have jurisdiction to alter spousal support under the terms of the agreement. Accordingly, we affirm the decision of the trial court.

<u>Affirmed.</u>