# Arlene A. HORCH, Petitioner-Appellant,

## v.

## James PONIK, Respondent.†

Court of Appeals

*No. 85–0900. Argued April 25, 1986.—Decided June 25, 1986.*

(Also reported in 392 N.W.2d 123.)

† Petition to review denied.

For the petitioner-appellant, there were briefs and oral argument by *August Fabyan, Jr.,* assistant corporation counsel, of Waukesha county.

For the respondent, there were briefs and oral arguments by *John J. Laskowski* of *Orth, Finley & Laskowski, S.C.,* of Milwaukee. There were amicus curiae briefs by attorney general *Bronson C. La Follette,* and assistant attorney general *Donald P. Johns.* Oral argument by *Donald P. Johns.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   The major issue on appeal concerns the effect of an order eliminating all arrearages for support issued in connection with a Fond du Lac county divorce action upon a claim for support arrearages accumulated in a Waukesha county action under the Revised Uniform Reciprocal Enforcement of Support Act (1968) (RURESA), sec. 52.10, Stats.[1] Arlene A.

---

[1] We note that sec. 52.10, Stats., has been renumbered to sec. 767.65, Stats. Sections 1120–1123, 1985 Wis. Act 29. This appeal

Horch appeals from an order of the Waukesha county circuit court dismissing her order to show cause and canceling and terminating all arrearages of record for support in the RURESA action.[2] She contends that the trial court erroneously determined that the Fond du Lac county family court's order canceling and terminating all arrearages of record as part of the divorce action was *res judicata* as to the arrearages accumulated in the reciprocal action in Waukesha county. We agree and reverse.

We also address the issue of whether the corporation counsel of Waukesha county had the authority to bring this appeal. James Ponik moved to dismiss the appeal on the grounds that the department of justice is the only authority authorized under sec. 52.10(34), Stats., to appeal from a trial court's adverse ruling in a RURESA action. We conclude that sec. 52.10(34) permits the department of justice to bring an appeal under certain circumstances but does not preclude the corporation counsel from appealing in cases where the statutory requirements of sec. 52.10(34) are not met.

Horch and Ponik were divorced in Fond du Lac county in 1977. Legal custody of the parties' three minor children was awarded to Horch. By the terms

[2] The notice of appeal states that Horch appeals from the circuit court's order dismissing the order to show cause, terminating all support orders and canceling and terminating all arrearages of record. The parties have briefed and argued only the issue concerning the cancellation and termination of all arrearages of record; therefore, we deal only with that issue. *See Reiman Associates, Inc. v. R/A Advertising, Inc.,* 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 (Ct. App. 1981).

of the divorce judgment, Ponik was ordered to pay $200 per month for child support.

In 1979, Horch and the minor children moved to Florida. On August 24, 1979, Horch commenced an action under RURESA and filed a petition in the circuit court for Seminole county, Florida. The petition alleged that Ponik's last contribution for support was made in January 1978 in the amount of $99 and that as of July 1979, he was behind in his support payments in the amount of $5,813. The petition further alleged that Ponik resided in Waukesha, Wisconsin.

A hearing on the reciprocal action was scheduled for October 17, 1979 in Waukesha. Two days later, a "Stipulation and Order" was filed in the Waukesha county circuit court ordering Ponik to pay $40 per week for child support.

On June 25, 1980, the Waukesha county circuit court, on the motion of an assistant corporation counsel of Waukesha county, issued an order for Ponik to show cause why he should not be adjudged in contempt of court for his failure to comply with the court's order providing that he pay $40 per week for support. An attached affidavit alleged that as of May 30, 1980, Ponik was in arrears in the sum of $1,200.

Ponik subsequently appeared in the circuit court for Waukesha county on numerous occasions in regard to the RURESA action. On January 27, 1982, an order was entered providing that Ponik pay $40 per week on current support obligations; the matter of arrearage payments was to be continued from time to time.

On October 17, 1984, a hearing was held in the Fond du Lac county divorce action based upon a motion filed by Ponik requesting an order terminating support as of November 1, 1984 and canceling and terminating

all arrearages of record. Horch was served with notice of the hearing but did not appear in person or by attorney. On October 26, 1984, the circuit court of Fond du Lac county entered an order in the divorce action granting Ponik's request.

On February 5, 1985, Ponik filed a brief in the Waukesha county circuit court in support of a motion to dismiss Horch's order to show cause and to terminate child support arrearages in the RURESA action. The trial court determined that the proceedings in the Fond du Lac county divorce action were *res judicata* as to Horch's claim for child support arrearages in Waukesha and ordered the cancellation and termination of all arrearages of record for support. Horch appeals.

This case involves the construction of various provisions of RURESA. The construction of a statute is a question of law, *Robinson v. Kunach,* 76 Wis. 2d 436, 446, 251 N.W.2d 449, 453 (1977), as is the application of a statute to a particular set of facts. *Bucyrus-Erie Co. v. DILHR,* 90 Wis. 2d 408, 417, 280 N.W.2d 142, 146–47 (1979). An appellate court decides questions of law independently without deference to the trial court's decision. *Ball v. District No. 4, Area Board of Vocational, Technical & Adult Education,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

The purposes of RURESA "are to improve and extend by reciprocal legislation the enforcement of duties of support." Section 52.10(1), Stats. The Act does not create new duties of support but provides for enforcement of duties of support already existing. Uniform Reciprocal Enforcement of Support Act, Commissioner's Prefatory Note (1958), 9A U.L.A. 748 (1979). *See also Chance v. La Pausky,* 402 A.2d 1329, 1331 (Md. Ct.

Spec. App. 1979); *People ex rel. Noah v. Gasik*, 415 N.E.2d 452, 454 (Ill. App. 1980). All duties of support, including the duty to pay arrearages, are enforceable by a proceeding under this section. Section 52.10(9).

The URESA proceeding is a separate, independent action to enforce support obligations, and remedies provided under the Act are in addition to and not in substitution for any other remedies. *People ex rel. Oetjen v. Oetjen*, 416 N.E.2d 278, 281 (Ill. App. 1981); sec. 52.10(3), Stats. URESA confers jurisdiction over child support matters notwithstanding prior or contemporaneous action in other proceedings. *People ex rel. Argo v. Henderson*, 422 N.E.2d 1005, 1007 (Ill. App. 1981). In a standard URESA action, the duty of support is determined by the law of the responding state without regard to orders or judgments of foreign courts; a responding state is not bound to conform its order to a foreign order.[3] *State on Behalf of McDonnell v. McCutcheon*, 337 N.W.2d 645, 648, 651 (Minn. 1983). The URESA support order will stand even though another court may subsequently issue an order concerning the same duty of support. *Ray v. Pentlicki*, 375 So. 2d 875, 878–79 (Fla. Dist. Ct. App. 1979). "A support order made by a court of this state pursuant to this section does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state . . . unless otherwise specifically provided by the court." Section 52.10(31).

---

[3] The foreign support order may be enforced if it is registered and upon registration the foreign order is treated in the same manner as a support order issued by a court of this state. Section 52.10(39) and (40), Stats.

In this case, Horch began a standard RURESA action in Florida requesting an order for support directed to Ponik. The responding Waukesha county circuit court ordered Ponik to pay $40 per week. This order was based upon an independent determination made by the Waukesha county circuit court as the responding state and made no mention of nor had any effect upon the order in the Fond du Lac county divorce action. *Cf. McCutcheon,* 337 N.W.2d at 651; *County of San Diego v. Elavsky,* 388 N.E.2d 1229, 1232 (Ohio 1979).

We conclude that the trial court erroneously determined the Fond du Lac county family court's order to be *res judicata* as to the RURESA action in Waukesha county and as having the effect of canceling and terminating the arrearages accumulated in the RURESA action. The past-due installments of child support in a RURESA action, sec. 52.10(9), Stats., have been considered to constitute a vested right even after the child reaches the age of majority. *See Oetjen,* 416 N.E.2d at 284; *People ex rel. Valle v. Valle,* 447 N.E.2d 945, 949 (Ill. App. 1983); *People ex rel. Kerl v. Kerl,* 393 N.E.2d 1305, 1307 (Ill. App. 1979). The Fond du Lac county family court's order canceling and terminating all arrearages does not abolish Horch's vested right to past-due installments under RURESA. In her petition, Horch set forth an amount alleged to be due and unpaid by Ponik in the RURESA action. The order appealed from canceled and terminated all arrearages of record in the RURESA action. We are persuaded that the Fond du Lac county family court's order only effectively canceled the arrearages accumulated under the Fond du Lac county support order and had no effect upon the arrearages accumulated under the Waukesha

county order in the reciprocal action.[4] On remand, the trial court should conduct a hearing on Horch's order to show cause to determine the amount of child support arrearages.

We next address the issue of whether this appeal was properly brought by the corporation counsel of Waukesha county. Ponik moved to dismiss the appeal on the grounds that only the department of justice is authorized under sec. 52.10(34), Stats., to appeal from a trial court's adverse ruling in a RURESA action.[5] We concluded that the question raised by the motion to dismiss should be fully briefed by the parties and the attorney general was invited to file a brief as *amicus curiae.*

One of the statutorily prescribed duties of the district attorney is to cooperate with the county and the department of health and social services in establish-

---

[4] Ponik cites the following cases to support his argument that the Fond du Lac county family court's order canceling all arrearages of record abolishes the underlying duty of support which is required in order to maintain a RURESA action: *Ray v. Pentlicki,* 375 So. 2d 875 (Fla. Dist. Ct. App. 1979); *People ex rel. Noah v. Gasik,* 415 N.E.2d 452 (Ill. App. 1980); and *People ex rel. Oetjen v. Oetjen,* 416 N.E.2d 278 (Ill. App. 1981). In all of these cases, the courts held that the duty of support enforceable in the URESA action is circumscribed by an order suspending or terminating child support obligations. All of these cases deal with the effect of orders terminating the underlying duty of support upon present or future support obligations. These cases are distinguishable from the present case, however, because they do not hold that an order terminating support obligations has the effect of terminating the arrearages accumulated in the RURESA action. In fact, the *Oetjen* court, for example, held to the contrary.

[5] Ponik does not challenge Horch's right to bring this appeal *pro se* or through representation by privately retained counsel.

ing and enforcing child and spousal support. Section 59.47(14), Stats. This duty extends to the representation of individuals regardless of the receipt of assistance under sec. 49.19, Stats. Section 59.47(14). Upon the request and under the supervision and direction of the attorney general, it is also the district attorney's duty to brief and argue all such cases brought by appeal or writ of error or certified from his or her county to the court of appeals or supreme court. *Id.*

In an action under RURESA, it is the duty of the district attorney in the responding state to prosecute the case diligently. Section 52.10(18)(b), Stats. "District attorney" as used in sec. 52.10 means either the district attorney or, when authorized by county board resolution to conduct the duties of the district attorney under this section, the corporation counsel. Section 52.10(2)(am).

Ponik's contention that the corporation counsel did not have authority to bring this appeal is grounded in the language of sec. 52.10(34), Stats., which provides:

(34) APPEALS. If the department of justice is of the opinion that a support order is erroneous and presents a question of law warranting an appeal in the public interest, it may:

(a) Perfect an appeal to the court of appeals if the support order was issued by a court of this state; or

(b) If the support order was issued in another state, cause the appeal to be taken in the other state. In either case expenses of appeal may be paid on his order from funds appropriated for the department of justice.

The resolution of the issue raised requires the interpretation of sec. 52.10(34), Stats. Our primary pur-

pose for engaging in statutory interpretation is to ascertain and give effect to the intent of the legislature. *Green Bay Redevelopment Authority v. Bee Frank, Inc.,* 120 Wis. 2d 402, 409, 355 N.W.2d 240, 243 (1984). The main source of statutory construction is the language of the statute itself. *Abraham v. Milwaukee Mutual Insurance Co.,* 115 Wis. 2d 678, 680, 341 N.W.2d 414, 416 (Ct. App. 1983). Statutes relating to the same subject matter may be considered in construing a statutory provision. *Kollasch v. Adamany,* 104 Wis. 2d 552, 563, 313 N.W.2d 47, 53 (1981).

The attorney general as *amicus curiae* has informed this court that the attorney general becomes involved in appeals of cases handled by the district attorney at the trial court level only where specific assistance is requested by the district attorney or where the office of child support advises the attorney general that a question of statewide concern might necessitate a cooperative effort between the district attorney and the attorney general. The attorney general states that in no case since the enactment of sec. 59.47(14), Stats., has the attorney general assumed the responsibility for briefing and arguing any such case. The attorney general states, "There is no legal or practical reason why private litigants, the district attorney or corporation counsel cannot appeal a trial court order denying enforcement of a child support obligation. Section 52.10(34) merely permits the Department of Justice to appeal separately in the public interest where the specific conditions set forth therein exist."

In our view, the language of sec. 52.10(34), Stats., is plain on its face and permits the department of justice to perfect an appeal to the court of appeals upon the satisfaction of two conditions: First, the depart-

ment must be of the opinion that the support order itself is erroneous; and, second, the department must also believe that the appeal is in the public interest.[6] We construe this statute as permissive in that it allows the department the opportunity to become involved in a case where the two statutorily prescribed conditions are met. We do not, however, construe the language as conferring exclusive authority upon the department to perfect an appeal. There is no dispute that the corporation counsel has authority to initiate a support action under sec. 59.47(14), Stats., regardless of whether the party is receiving public assistance under sec. 49.19, Stats. A final judgment or a final order of the circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. Section 808.03(1), Stats. We thus conclude that the corporation counsel has authority to bring an appeal in a RURESA action regardless of whether the department of justice perfects an appeal pursuant to its authority under sec. 52.10(34).

*By the Court.*—Order reversed and cause remanded for further proceedings.

---

[6] We are not persuaded by Ponik's argument that the maxim of statutory construction, *expressio unius est exclusio alterius,* requires a contrary result. *See State ex rel. Harris v. Larson,* 64 Wis. 2d 521, 527, 219 N.W.2d 335, 339 (1974). We are not of the view that the statute reflects the legislature's desire to specifically delegate exclusive authority to appeal to the department of justice due to the permissive statutory language.