Dennis Jones, Clark & Jones, Gardiner, for defendant.

---

**William V. GRAY**

v.

**Michelle A. MESSIER.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 9, 1992.

Decided Feb. 10, 1992.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

William V. Gray, represented by the Attorney General, appeals from the dismissal by the Superior Court (Kennebec County, *Alexander, J.*) of his petition for support filed pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA). 19 M.R.S.A. §§ 331–420 (1981 & Supp. 1991). Because the court's conclusion that URESA procedures are not available to Gray is erroneous, we vacate the dismissal.

Gray and Michelle A. Messier were divorced in the District Court (Rockland, *Pease, J.*) in 1985. The divorce judgment provided that the parties share parental rights and responsibilities with respect to their one minor child, with primary physical residence to be with William Gray. Both parties are responsible for clothing and any uninsured medical expense and neither party is required to pay child support to the other party. Currently Gray and the child reside in Rhode Island while Messier resides in Gardiner, Maine. Gray initiated the URESA petition in November 1989, Messier was served in November 1990, and the matter was heard and the petition dismissed in May 1991.

Section 393 of URESA provides that "all duties of support" are enforceable by a URESA proceeding. Despite that plain language, the court dismissed Gray's petition, apparently because of the existing divorce judgment and the absence of any public funds such as AFDC being involved. We conclude that URESA procedures are ordinarily available to private parties regardless of the absence of any impact on public funds and that these procedures are separate from and additional to other remedies for enforcement of support obligations. *See* 19 M.R.S.A. § 333 (remedies in addition to any other remedies); 19 M.R.S.A. § 409 (support order does not nullify provisions of divorce judgment). *See also Mathieu v. Commissioner of Human Servs.,* 562 A.2d 686 (Me.1989).

In response to Gray's appeal, Messier points to the express provision of the divorce judgment that "neither party shall pay to the other for support of the minor child." As a result, she argues, there does not exist a "duty of support" within the meaning of section 332(2) of URESA, which provides as follows:

> "Duty of support" means a duty of support whether imposed or imposable by law, or by order, decree or judgment of any court, whether interlocutory or final, or whether incidental to an action for divorce, judicial or legal separation, separate maintenance or otherwise, and in-

cludes the duty to pay arrearages of support past due and unpaid.

Contrary to Messier's contention, the divorce judgment has not "specifically addressed and discharged [her] duty to [the child]." Although neither party is ordered to pay child support to the other, both are charged with responsibility for support of the child by the divorce judgment. Nothing in that judgment precludes the imposition of a specific duty to pay support, if appropriate. The cases from other jurisdictions cited by Messier are simply inapposite.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.