[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals from a decision of the defendant Department of Social Services ("department") upholding the department's claim of a lien against the plaintiff Daniel Rabatin's workers' compensation benefits pursuant to General Statutes §§ 17b-93 and 17b-94. This appeal is brought pursuant to the Uniform Administrative Procedures Act ("UAPA"), General Statutes § 4-183, which provides a right of appeal to the Superior Court by parties who are aggrieved by a final decision of a state agency.
The material facts are not in dispute. The plaintiff Daniel Rabatin was severely injured in a work-related accident, as a result of which he is receiving workers' compensation eV benefits. Rabatin's daughter Dorothy has been a beneficiary of substantial financial assistance through the department. The plaintiff himself received a small amount of Title XIX medical benefits through the department. In April, 1996 and again in October, 1996, the department notified the plaintiff of its lien and claim pursuant to General Statutes §§ 17b-93 and 17b-94
against his workers' compensation benefits for repayment of the benefits paid to him and to his daughter. The plaintiff requested an administrative hearing to challenge the lien. After hearing the evidence and reviewing briefs submitted by the parties, the hearing officer issued a decision upholding the department's lien. The plaintiff then brought this appeal. There is no dispute that the plaintiff is aggrieved by the department's decision in that the department's lien, if upheld, will substantially reduce the amount of worker's compensation benefits that the plaintiff will retain. CT Page 7762
The scope of judicial review for appeals brought under the UAPA is set forth in General Statutes § 4-183 (j), which provides in part:
 The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The plaintiff contends that the hearing officer's decision is legally erroneous in several respects.
The plaintiff first contends that his workers' compensation benefits do not constitute a "cause of action" within the meaning of General Statutes § 17b-94, which gives the state a lien against a portion of any cause of action of a beneficiary of state assistance or the parent of such a beneficiary to secure reimbursement to the state for such assistance. The statute does not contain a definition of cause of action. The plaintiff relies on a definition of "action" (not "cause of action") from Black's Law Dictionary (4th Ed.), which states that an action is a "proceeding in a court of justice . . ." He argues that because a workers' compensation claim does not involve a court proceeding, it is not a cause of action within the meaning of Section 17b-94.
The plaintiff's argument fails to address definitions of cause of action that have been provided by our Supreme and Appellate Courts. In Bridgeport Hydraulic v. Pearson,139 Conn. 186 (1952), the Supreme Court defined a cause of action as "that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." Id., 197. "A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." Pavelka v. St. Albert Society,82 Conn. 146, 147 (1909). "Courts speak of a "cause of action' as CT Page 7763 a set of facts on which a recovery [or a specific result] may be had . . ." Taravella v. Stanley, 52 Conn. App. 431, 441 (1999). None of these definitions restricts the term "cause of action" to a court proceeding. Instead, the term is defined as a set of facts that entitles the plaintiff to relief. A workers' compensation claim comes within such a definition.
The plaintiff next contends that the plaintiff's workers' compensation benefits are exempt from lien by the state pursuant to GeneraL Statutes §§ 52-352b and 31-320. Section 52-352b
provides that numerous specified types of property, including workers' compensation benefits, are exempt from any type of process for debt collection. Section 31-320, part of the Workers' Compensation Act, General Statutes § 31-275 et seq., provides that all sums due for compensation under the act "shall be exempt from attachment and execution and shall be nonassignable before and after award."
This claim overlooks a provision of General Statutes § 17b-94
(a), the statute giving the state a lien against causes of action, which provides that, "The proceeds of such causes of action shall be assignable to the state for payment of the amount due under said Section 17b-93, irrespective of any otherprovision of law." (Emphasis added.) In McDouaald v. White,361 F. Sup. 1325 (Conn. 1973), the federal court held that this provision of Section 17b-94 (a), which was then codified as General Statutes § 17-83f, overrode the exemption found at General Statutes § 31-320 and that the override was not unconstitutional as a denial of equal protection. In a well reasoned decision, Judge Henebry also held that the predecessor to Section 17b-94 authorizes a lien by the state against workers' compensation benefits despite "any other provision of law including § 31-320." State of Connecticut v. Sanchez, Court of Common Pleas, judicial district of Fairfield at Bridgeport, Docket No. 102179 (November 12, 1975). See, also, State ofConnecticut v. Reed, 5 Conn. Cir. Ct. 69 (1967). The language "irrespective of any other provision of law" clearly overrides the otherwise applicable exemptions found at Sections 52-352b and31-320.
The plaintiff further contends that a provision found in General Statutes § 17b-93 re-established a full exemption for workers' compensation benefits after the McDougald, Sanchez andReed cases. In 1976 the legislature adopted Section 5 of Public Act 76-334, which provides, "the State of Connecticut shall have CT Page 7764 a lien against property of any kind or interest in any property, estate or claim of any kind of the parents of an aid to dependent children beneficiary, in addition and not in substitution of its claim, for amounts owing under any order for support of any court or any family support magistrate, including any arrearage under such order, provided household goods and other personal property identified in Section 52-352b and real property pursuant to Section 17b-79, as long as such property is used as a home for the beneficiary, shall be exempt from such lien." The plaintiff claims that the adoption of this provision, which occurred after the decisions in McDougald, Sanchez and Reed, nullified and overruled these cases. The court finds no merit to this contention.
Section 5 of P.A. 76-334 gives the State a lien against the property of a parent of an AFDC beneficiary including amounts arising under an order of support issued by a court or a family support magistrate, including arrearage payments under such order. The principal topic of this provision, under its express wording, is family support orders; there is no reference to workers' compensation benefits. Moreover, there is nothing in the legislative history of this provision that suggests in any way that this provision was intended to affect workers' compensation benefits, to overrule McDougald, Sanchez or Reed or to negate the "irrespective of any other provision" language of General Statutes § 17b-94 (a). Furthermore, General Statutes § 17b-93
(c), which sets forth all of the types of property which are exempt from any claim or lien by the state, was not amended in any way by P.A. 76-334. If the legislature intended to exempt workers' compensation benefits from the state's lien rights, an amendment to Section 17b-93 (c) would have been the appropriate location for such a provision.
For all these reasons, the court construes the language "provided household goods and other personal property identified in Section 52-352b . . . shall be exempt from such lien" as relating only to family support orders and not to workers' compensation benefits or other property that is not exempt under Section 52-352b as a result of the override provision of Section17b-94 (a). This construction comports with the rule of statutory interpretation that a court should construe potentially contradictory provisions in a statute in such a manner that both can be given effect. State v. Tyson, 195 Conn. 326, 331 (1985)
The plaintiff has failed to sustain his burden of showing CT Page 7765 statutory violation or other error of law in the department's decision upholding its lien against the plaintiff's workers' compensation benefits. Accordingly, pursuant to § 4-183 (j), the department's decision is affirmed and this appeal is dismissed.
Vertefeuille, J.