**Richmond**

STEVEN K. JOHNS

v.

ELLEN M. JOHNS

No. 0380-87

Decided February 2, 1988

COUNSEL

Donald A. Denton (Donald A. Denton, on brief), for appellant.

L. A. Harris, Jr., for appellee.

OPINION

KEENAN, J. — Števen K. Johns (father) appeals a decision which upheld the validity of a Colorado petition filed under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA). Pursuant to the RURESA petition, the Henrico Circuit Court (trial court) entered an order requiring the father to pay $400 per month in child support and established an arrearage of $7,200. Upon review of the record and the argument and authorities presented, we affirm the decision of the trial court.

The District Court of the City and County of Denver, Colorado, held a divorce hearing on July 23, 1985. On August 2, 1985 *nunc pro tunc* July 23, 1985, the Denver District Court entered a decree that ordered the father to pay child support of $200 per month per child for each of the parties' three children. Ellen M. Johns (mother) filed a petition in Colorado under RURESA on March 7, 1986, to enforce the Colorado decree in Virginia. The Henrico County Juvenile and Domestic Relations District Court held a hearing on the petition and ordered the father to pay $400 per month in child support and established arrearages at $7,200. The father appealed the Juvenile Court's decision to the trial court. After a hearing, the trial court concluded that the Colorado RURESA petition was valid and ordered the father to pay $400 per month in child support and established arrearages at $7,200.[1]

■ The purpose of RURESA is to create an economical and expedient means of enforcing support orders for parties located in different states. *Scott v. Sylvester*, 220 Va. 182, 185, 257 S.E.2d 774, 776 (1979); *Cass v. Lassiter*, 2 Va. App. 273, 279, 343 S.E.2d 470, 474 (1986). The act is remedial in nature and should be liberally construed so that its purpose is achieved. *Scott v. Sylvester*, 220 Va. at 185, 257 S.E.2d at 775-76.

---

[1] The record before us does not indicate why the Virginia trial court reduced the amount of child support to $400 per month from the $600 per month provided in the Colorado decree.

In this case, the father concedes that Colorado had *in personam* jurisdiction over him in divorce, custody, and support matters. However, he argues that the Colorado court did not have subject matter jurisdiction over the children under the Uniform Child Custody Jurisdiction Act (UCCJA) or the Parental Kidnapping Prevention Act (PKPA) to award support. He relies on Code § 20-126 and Colo. Rev. Stat. § 14-13-104 (Cum. Supp. 1987). Those statutes list the same jurisdictional requirements that must be met under the UCCJA before a court can make a child custody determination. However, the definitional section of the UCCJA, which is found in Code § 20-125(2) and Colo. Rev. Stat. § 14-13-103(2) specifically excludes support orders. Virginia Code § 20-125(2) provides:

> *"Custody determination"* means a court decision and court orders and decrees providing for the custody of a child, including visitation rights; *it does not include a decision relating to child support or any other monetary obligation of any person* (second emphasis added).

We find that this section limits the application of Code § 20-126 to child custody matters only, not child support. Likewise, the PKPA (28 U.S.C. 1738A) defines "custody determination" as "a judgment, decree, or other order of a court providing for the *custody* or *visitation* of a child, and includes permanent and temporary orders, and initial orders and modifications." (emphasis added) 28 U.S.C. 1738A(b)(3). Therefore, we find that neither Code § 20-126 nor 28 U.S.C. 1738A applies to support issues.

The Virginia RURESA provisions appear in Code §§ 20-88.12 to 20-88.31. Code § 20-88.30:6 states in part:

> (a) Upon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a court of this State. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this State and may be enforced and satisfied in like manner . . . .
> (c) At the hearing to enforce the registered support order the obligor [father] may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment . . . . If he shows to the court any ground

upon which enforcement of a support order of this State may be stayed, the court shall stay enforcement of the order for an appropriate period . . . .

Since the father conceded *in personam* jurisdiction of the Colorado court and did not present any defenses that would be grounds to stay a support order of this State, we find that the Colorado decree was properly enforced by the trial court under RURESA.

Accordingly, the judgment appealed from is

*Affirmed.*

Coleman, J., and Hodges, J., concurred.