## CIRCUIT COURT OF THE CITY OF ROANOKE

Division of
Child Support Enforcement

v.

Cynthia R. Lee

### Case No. CH01-1034

BY JUDGE ROBERT P. DOHERTY, JR.

### March 12, 2002

In October of 2000, the Defendant moved to the State of North Carolina, leaving the Defendant's son in the care of her mother. The Defendant did not relinquish her legal rights or obligations with respect to her son, and there is no evidence before this Court that the arrangements made between the Defendant and her mother have been anything other than voluntary and amicable. Pursuant to a previous court order, the Defendant is entitled to receive $60.00 biweekly for child support from the child's father, whom she never married. The Defendant claims to have been in the practice of forwarding any such child support payments to her mother, and further, to have made additional periodic payments to her mother for the welfare of her child from her own funds.

After assuming physical custody of the Defendant's son, the Defendant's mother sought assistance from the Division of Child Support Enforcement of

the Department of Social Services ("DCSE"). She was awarded public assistance money for the care of the Defendant's child pursuant to Virginia's Temporary Assistance for Needy Families (TANF) program. Subsequently, the DCSE issued an administrative support order, pursuant to § 63.1-250.1, Code of Virginia (1950), as amended, requiring the Defendant to pay $171.00 per month in ongoing child support through the DCSE for the benefit of her son. Notice of the administrative support order was served on the Defendant by certified mail, as provided by statute. The return receipt bears the Defendant's signature. The Defendant did not seek an administrative hearing from the DCSE within the statutory time period to contest the administrative support order. Thereafter, the DCSE moved for a show cause summons for contempt of court before the Roanoke City Juvenile and Domestic Relations District Court, after the Defendant failed to pay the amount required by the administrative support order. The matter is before this Court, de novo, on the DCSE's appeal.

The Defendant has argued that the DCSE had no jurisdiction to issue a support order against the Defendant pursuant to § 63.1-250.1 of the Code of Virginia because, at the time of its issuance, there existed a previous court order entered with respect to the Defendant's child. The Defendant has also argued that she may not be brought before this Court because she did not receive appropriate service of process. Specifically, the Defendant has argued that personal jurisdiction may be exercised over her only under § 8.01-328.1(A)(8)(iii) of the Code of Virginia and that § 8.01-328.1 requires in such a case that notice be given in the form of personal service.

## I. *DCSE's Jurisdiction to Issue*
*the Administrative Support Order*

Defendant argues that, because § 63.1-250.1(A), Code of Virginia (1950), as amended, states that the authority of the Department of Social Services to issue administrative support orders only exists in the absence of a court order, no administrative child support order can be entered against the mother because a court has previously ordered the father to pay child support. This is an illogical interpretation of the statute. It is axiomatic that both parents owe a duty to support their minor children. *Bennett v. Virginia Dep't of Social Servs.*, 22 Va. App. 684, 691 (1996). Defendant's construction of the code section would frustrate the legislature's intent that a state agency should collect child support from all obligors for the benefit of needy children, or in the alternative, that it should obtain reimbursement from the responsible party or parties for public funds spent to care for such needy children. See § 63.1-251. A

court order requiring payment of a set amount of support moneys only limits the amount of the debt for public assistance due from the particular parent who is ordered by the court to pay support. It does not affect the other parent's child support obligation, nor does it hamper a department of social services from using any of its statutory administrative remedies. The sole reason for the questioned statutory language is to prevent an administrative agency from attempting to usurp the authority of a court of competent jurisdiction. The Defendant's motion to declare the administrative support order void is denied.

## II. *Service of Process*

Section 63.1-250 of the Code of Virginia provides that any payment of public assistance money made for the benefit of a dependent child or their caretaker creates a debt due and owing to the Department of Social Services by the person responsible for the support of such child. See *Morris v. Commonwealth*, 13 Va. App. 77, 80, 408 S.E.2d 588, 590 (1991). Section 63.1-252.1 of the Code of Virginia provides that proceedings against a person with respect to whom a support debt has accrued or is accruing or who has a responsibility to support a child may be commenced by issuing a notice containing the administrative support order, to the responsible party. Notice may be served upon the responsible person either (1) in accordance with §§ 8.01-296, 8.01-327, or 8.01-329 of the Code of Virginia, or (2) by certified mail, return receipt requested. The Defendant has not argued that she was not served with notice of these proceedings in accordance with § 63.1-252.1. Instead, the Defendant's argument is that the DCSE cannot utilize the latter method of service authorized by § 63.1-252.1 in her case because such service upon her would violate the provisions of § 8.01-328.1, Virginia's "long-arm" statute.

Virginia's "long-arm" statute, § 8.01-328.1, is one method which can be used to obtain personal jurisdiction over the Defendant. Section 20-88.35 of the Virginia Uniform Interstate Family Support Act provides additional circumstances under which the Commonwealth may exercise personal jurisdiction over a nonresident.[1] See *Franklin v. Department of Soc. Servs.*, 27 Va. App. 136, 497 S.E.2d 881 (1998). Several provisions of this statute apply to the Defendant's circumstances, specifically paragraphs 3, 4, and 5. Section 20-88.35(3) applies where a person resided with the child in this

---

[1] Section 20-88.33 of the Code of Virginia provides that a "tribunal" described in § 20-88.35 may be a juvenile and domestic relations court, a circuit court, or the Department of Social Services. Va. Code Ann. § 20-88.33 (Michie 2000).

Commonwealth. Section 20-88.35(4) applies where a person resided in the Commonwealth and provided support for the child. Section 20-88.35(5) applies where the child resides in this Commonwealth as a result of the acts or directives of the person. Any of these provisions would allow this Court to exercise personal jurisdiction over the Defendant, consistent with the requirements of due process. With respect to due process, the Court is satisfied that the Defendant has sufficient connection with this Commonwealth to justify the exercise of its jurisdiction over her. *Kulko v. Superior Court*, 436 U.S. 84 (1978).

Section 20-88.35 does not require any specific method of service of process in order to establish personal jurisdiction, in contrast to the long arm statute. Section 20-88.36 of the Code provides merely that, with respect to the assertion of personal jurisdiction over a nonresident pursuant to § 20-88.35, a court "shall apply the procedural and substantive laws of this Commonwealth." Section 63.1-252.1 places service by certified mail, return receipt requested, on par with more traditional methods of service as found in §§ 8.01-296, 8.01-327, and 8.01-329. Pursuant to this Code provision, the DCSE was not required to choose one method of service over another. Accordingly, the Court finds that service of process was proper upon the Defendant in this case and that the Defendant had actual notice of the proceedings. The Court may exercise in personam jurisdiction over the Defendant.

April 11, 2002

Defendant, by special appearance, challenges the constitutionality of the legislative grant of authority to the Division of Child Support Enforcement of the Department of Social Services to administratively determine child support obligations of recalcitrant parents pursuant to § 63.1-250.1, Code of Virginia (1950), as amended. She cites as her authority Article IV, § 14, and Article III, § 1, of the Constitution of Virginia. DCSE argues the constitutionality of this code section, and the Court agrees.

## I. *Article IV, § 14, Challenge*

It is axiomatic that all legislation is presumed to be constitutional and the burden to prove otherwise is on the party challenging the law. Article IV, § 14, of the Constitution of Virginia, when read in *its* entirety, does not support the Defendant's position that it is a prohibition against a legislative delegation of judicial authority to an administrative agency. Quite the contrary,

this section of the Virginia Constitution states that the General Assembly can do all things in keeping with our social conscience which are not forbidden by the state or federal constitutions. The Virginia Constitution limits rather than grants powers to the legislature. See *Quesinberry v. Hull*, 159 Va. 270 (1932). The portion of Article IV, § 14, quoted by Defendant to support her position is actually that part of our state constitution that forbids special legislation and does not apply to the facts of this case. Section 63.1-250.1 is not special legislation. It operates on the public generally and not on a selected class, particular person or individual case or district. Accordingly, the Court does not find § 63.1-250.1 to be unconstitutional in light of Article IV, § 14, of the Virginia Constitution.

## II. *Article III, § 1, Challenge*

Defendant's second argument is that Article III, § 1, of the Virginia Constitution also forbids the legislature from empowering the executive branch of the government to perform a judicial function because of its prohibition against any branch of government exercising a power that belongs to one of the other branches of government. However, that portion of Article III, § 1, is qualified by the following language:

> provided, however, administrative agencies may be created by the General Assembly with such authority and duties as the General Assembly may prescribe. Provision may be made for judicial review of any finding, order, or judgment of such administrative agencies.

Contrary to being a prohibition against the legislature enacting § 63.1-250.1, Article III, § 14, is the authorization for the legislature to create such a law, and the legislature appears to have followed the constitutional dictates precisely when fashioning the legislation regarding administrative determination and enforcement of child support obligations. It set forth a formula for DCSE to following in fixing child support when it enacted the child support guidelines contained in § 20-108.2. It denied DCSE the right to exercise this authority if a court order for child support exists. Finally the legislature provided for judicial review of the administrative action by granting an appeal *de novo* to the juvenile and domestic relations district court in § 63.1-268.1. The Court therefore finds that § 63.1-250.1 is not unconstitutional based on the language of Article III, § 1, of the Virginia Constitution.

## III. *Whole Power Doctrine*

Notwithstanding the above, "[t]he Supreme Court of Virginia has adopted the whole power doctrine in reviewing an alleged violation of the separation of powers." *Tross v. Commonwealth*, 21 Va. App. 362, 378 (1995). That doctrine is simply that the whole power of one branch or department of the government "should not be exercised by the hands which possess the whole power of either of the other departments, but that either department may exercise the powers of another to a limited extent." *Winchester & Strasburg R.R. v. Commonwealth*, 106 Va. 264, 268 (1906). See also *Baliles v. Mazur*, 224 Va. 462 (1982). In the instant case, while there is some overlap of the executive and judicial functions, DCSE does not exercise the whole power of the judiciary. Instead *de novo* judicial review is provided by statute to the DCSE administrative determination of child support. The limited exercise of a judicial function by the executive branch of the government in fixing child support pursuant to § 63.1-250.1 is authorized by the whole power doctrine and is not unconstitutional.