# CIRCUIT COURT OF THE CITY OF ROANOKE

Division of Child Support
Enforcement

v.

Schmaeman

## April 23, 2004

## Case No. CH03-753

BY JUDGE CHARLES N. DORSEY

This matter came on upon an appeal from the Roanoke City Juvenile and Domestic Relations District Court. Upon *de novo* hearing, one issue that arose is whether the administrative support order entered by the Division of Child Support Enforcement, hereafter "DCSE," pursuant to Virginia Code § 63.2-1916, was appropriately entered. The only challenge to the appropriateness of said order is that the mother had previously filed a petition for support in the Roanoke City Juvenile and Domestic Relations District Court, on which was written by the Honorable Joseph M. Clarke, the then presiding judge, "withdrawn, JMC 11/7/02."

### Issue

The issue is whether the notation made by Judge Clarke on the mother's petition for support constituted a court order for support of a child which would bar entry of the administrative order.

### Discussion

Virginia Code § 63.2-1916 in pertinent part, provides:

> The [Department of Social Services'] Commissioner may proceed against a non-custodial parent whose support debt has accrued or is accruing based upon subrogation to, assignment of, or authorization to enforce a support obligation. *Such obligation may be created by court order for support of a child* or child and spouse or decree of divorce ordering support of a child or child and spouse. *In the absence of such a court order* or decree of divorce, the Commissioner may, pursuant to this chapter, proceed against a person whose support debt has accrued or is accruing based upon payment of public assistance or who has a responsibility for the support of any dependent child or children and their custodial parent. . . .

(Emphasis added.)

"When the language of a statute is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated." *Alger v. Commonwealth,* 267 Va. 255, 259, 590 S.E.2d 563, 565 (2004). The authority of the Department of Social Services to proceed against the individual owing the support debt is contingent upon "the absence of such a court order." "Such a court order" clearly refers to the portion of the statute stating, "a court order for support of a child or child and spouse."

Consequently, in the interest of alacrity, the Department of Social Services need not wait for the parties to appear in court before the Department may pursue the collection of child support from an obligated parent. The Department's desire for an administrative support order, however, must always bow to a court order defining the same issue. As an administrative agency, the Department cannot usurp the authority of a court of competent jurisdiction. This Court has previously ruled on a similar issue. *See Division of Child Support Enforcement v. Lee,* 58 Va. Cir. 338, 2002 Va. Cir. LEXIS 151 (City of Roanoke 2002) (involving a claim that an administrative order was barred by a previous child support order pertaining to the same child by the other parent).

In the present case, a court order regarding, but not ordering, child support has been entered. The defendant now claims that the entry of this order operates to remove the Department of Social Services' jurisdiction to issue an administrative support order under Virginia Code § 63.2-1916. "This is an illogical interpretation. . . ." *Id.* at 339.

Virginia Code § 63.2-1916 bars the Department from entering an administrative support order when there is a court order "for support of a child." The simple notation of "withdrawn" on a child support petition cannot, and should not, be read, under any circumstances, to constitute a court order for support of a child. To permit that construction would encourage, and approve of, non-custodial parents engaging in the practice of filing a child support petition and then withdrawing it solely to frustrate the General Assembly's intent that the Department of Social Services may act speedily in these matters when a court has not intervened. The juvenile court in this case entered no court order for support of a child and by declining to act left the entire subject matter open to the power of the Department of Social Services to enter an administrative support order. Consequently, the Department did not act in contravention of the statute and had statutory jurisdiction to enter the administrative support order in question.